1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| JULIE ANNE THORNE, | Case No.: 18cv1874-MMA-LL |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION FOR ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING DEFENDANT'S MOTION FOR REMAND; AND (4) REMANDING FOR THE RE-CALCULATION AND AWARD OF BENEFITS** |
| NANCY A. BERRYHILL, | |
| Defendant. | |
| | **[ECF Nos. 11, 12, 17, 18]** |

Plaintiff Julie Anne Thorne brings this action *pro se* for judicial review of the Social Security Commissioner's denial of her request to review the ALJ's June 1, 2016 "fully favorable" decision. ECF No. 1. Before the Court are Plaintiff's Motion for Summary Judgment [ECF No. 11], Defendant's Cross-Motion for Summary Judgment [ECF No. 12], Defendant's Opposition to Plaintiff's Motion [ECF No. 13], and Plaintiff's Reply [ECF No. 16]. Plaintiff subsequently filed an "Amended Motion for Summary Judgment" [ECF

No. 17] after which Defendant filed a "Motion for Remand" [ECF No. 18], to which Plaintiff filed a Response [ECF No. 20].

This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons set forth below, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART**, Defendant's Cross-Motion for Summary Judgment be **DENIED**, Defendant's Motion for Remand be **DENIED**, and the case be remanded for a calculation and award of benefits based on Plaintiff's January 24, 2006 application date.

## PROCEDURAL BACKGROUND

### I.      Plaintiff's January 24, 2006 Application

On January 24, 2006, Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB benefits") alleging disability beginning January 1, 2003.[1] See Administrative Record ("AR") at 100, 298. Plaintiff's claim was denied on or around May 30, 2006. Id. at 298. On March 21, 2007, Plaintiff made an appointment to appeal this denial. Id. On April 18, 2007, Plaintiff subsequently filed either an application or appeal. Id. The appeal was input as a request for a hearing instead of a request for reconsideration. Id. On January 25, 2008, Administrative Law Judge ("ALJ") Leland H. Spencer dismissed the request for a hearing and no further action was taken. Id. at 100, 298.

### II.     Plaintiff's August 12, 2010 Application

On August 12, 2010, Plaintiff filed a subsequent Title II application for a period of disability and DIB benefits, again alleging disability beginning January 1, 2003. Id. at 104-

---

[1] Plaintiff is not seeking supplemental security income benefits. See ECF No. 1 at 2.

2

18cv1874-MMA-LL

11.[2] Plaintiff's second claim was denied on October 25, 2010 and denied upon reconsideration on April 13, 2011. Id. An administrative hearing was held before ALJ Larry Parker on August 23, 2012. Id. at 44-62. On September 11, 2012, ALJ Parker denied Plaintiff's application. Id.

On March 21, 2014, the Appeals Council remanded the case back to the ALJ. Id. at 296-99. As part of the remand, the Appeals Council noted Plaintiff's prior January 24, 2006 application remained unadjudicated. Id. at 298. Specifically, the Appeals Council held with respect to this prior application:

> [G]iven the fact that claimant clearly intended to request an appeal of the initial denial on her prior claim, and since no substantive reconsideration determination has been made on that claim despite receipt of a written appeal, that prior claim remains unadjudicated. Therefore, upon remand, the Administrative Law Judge will consolidate both claims, ensure that all evidence obtained in connection with the prior claim is considered and evaluated, and issue a decision on the consolidated claims.

Id. (emphasis added).

Upon remand, an administrative hearing was held on July 23, 2015 before ALJ Robert Iafe. Id. at 63-95. Subsequently, on June 1, 2016, ALJ Iafe issued a "fully favorable" decision. Id. at 38-43. In the decision, the ALJ followed the five step sequential evaluation process and concluded:

> Based on the application for a period of disability and disability insurance benefits filed on August 12, 2010, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act since January 1, 2003.

AR at 43 (emphasis added). The decision did not reference Plaintiff's January 24, 2006

---

[2] The record indicates Plaintiff also filed Title II applications in 2006 and 2007. AR at 330-39. These applications are not at issue.

18cv1874-MMA-LL

application or the Appeals Council's directive that Plaintiff's claims be consolidated. See id. at 38-43.

On June 28, 2016, Plaintiff received a Notice of Award stating that she was entitled to monthly disability benefits "beginning August 2009." Id. at 22. On July 15, 2016, following the instructions of the San Marcos Social Security Office, Plaintiff submitted a request for reconsideration. Id. at 290, 328. Plaintiff followed up on her request for reconsideration with the San Marcos Social Security Office three times: on September 20, 2016, December 8, 2016 and February 23, 2017. Id. at 328.

On March 2, 2017, again following the instructions of the San Marcos Social Security Office, Plaintiff filed a second request for reconsideration. Id. at 320, 328. On September 22, 2017, Plaintiff submitted a request for review of the ALJ's decision. Id. at 286. On January 17, 2018, the Appeals Council denied this request. Id. at 1.

### III.   Plaintiff's Action in Federal Court

On August 10, 2018, Plaintiff filed this action seeking judicial review of the Commissioner's denial of Plaintiff's request to review ALJ Iafe's June 1, 2016 "fully favorable" decision. See ECF No. 1. Specifically, Plaintiff alleges that the ALJ erred by failing to consolidate the claims in Plaintiff's January 24, 2006 and August 12, 2010 Applications, as directed to by the Appeals Council. ECF No. 11-1 at 4.

For these reasons, Plaintiff requests the Court modify the ALJ's decision to read:

> Based on the application for a period of disability insurance benefits filed January 24, 2006, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act since January 1, 2003 and is to be paid SSDI benefits from the established onset date of January 1, 2003 as set out in POMS DI 25501.30 or words to that effect.

Id. at 5 (emphasis added).

On February 20, 2019, Defendant filed a Cross-Motion for Summary Judgment and

Opposition to Plaintiff's Motion for Summary Judgment. See ECF Nos. 12, 13.[3] Defendant argues Plaintiff's claims were properly consolidated by ALJ Iafe because the ALJ found disability dating back to January 1, 2003, a decision "entirely in Plaintiff's favor." ECF No. 12-1 at 5. Defendant asserts because the ALJ's decision was fully favorable, Plaintiff's continued appeal of that decision means there is no "final decision" for the agency to process. Id. at 6.

On March 20, 2019, Plaintiff filed a Response to Defendant's Motion and an Amended Motion for Summary Judgment. See ECF Nos. 16, 17. Plaintiff argues based on Defendant's Cross-Motion and the onset date identified in ALJ Iafe's decision, she "already has the only order necessary for payment of back benefits" to January 1, 2003. ECF No. 16 at 2. However, Plaintiff alleges she was told by the San Marcos field office of the Social Security Administration ("SSA") that they would refuse to pay back benefits to this date without an order from a Federal judge. ECF No. 16 at 1-2; 17-1 at 4. Accordingly, Plaintiff now requests that the Court issue an order directing the San Marcos Field Office of the SSA to pay back benefits to January 1, 2003 and she be reimbursed her filing fees for this action. ECF No. 17 at 5.

## ANALYSIS

## I.   The ALJ's Failure To Consolidate Or Reference Plaintiff's January 24, 2006 Application

When a case is remanded by the Appeals Council, under the SSA's regulations, "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b) (emphasis added).

Here, based on the Appeals Council's March 21, 2014 decision, upon remand, the ALJ was required to: (1) consolidate Plaintiff's January 24, 2006 and August 12, 2010

---

[3] Defendant's cross-motion and opposition are supported by memorandums of points and authorities that are substantively identical. See ECF Nos. 12-1, 13-1.

18cv1874-MMA-LL

applications; (2) ensure all evidence obtained in connection with the prior January 24, 2006 application was considered and evaluated; and (3) issue a decision on the consolidated claims. AR at 298.

Despite these instructions, in ALJ Iafe's June 1, 2016 decision, the ALJ stated his decision was "[b]ased on" Plaintiff's August 12, 2010 application. Id. at 43. The ALJ's decision did not reference Plaintiff's January 24, 2006 application or the Appeals Council's directive that Plaintiff's claims be consolidated. See AR at 38-43.

Plaintiff argues the ALJ's failure to consolidate or reference her earlier application prevents her from securing disability benefits "at least back to January 2005." ECF No. 11-1 at 4. Defendant argues the ALJ did properly consolidate both Plaintiff's January 24, 2006 and August 12, 2010 applications because the ALJ "could not have awarded benefits back to January 1, 2003" otherwise. ECF No. 12-1 at 4. Specifically, Defendant argues absent consolidation, the May 30, 2006 initial denial of Plaintiff's January 24, 2006 application would have become final and binding based on Plaintiff's failure to file a motion for reconsideration within sixty days. Id. at 4-5. Defendant argues "[a]lternatively stated, had the ALJ not consolidated Plaintiff's prior application, the ALJ could have at most found Plaintiff disabled from May 31, 2006—the day after the prior final decision," citing to the Ninth Circuit's decision in Sanchez v. Sec'y of Health & Human Servs., 812 F.2d 509, 511 (9th Cir. 1987) in support. ECF No. 12-1 at 4.

Defendant's argument is unsupported by the record. The record indicates that after Plaintiff's original application was denied on May 30, 2006, Plaintiff filed an appeal that could have been interpreted as a request for reconsideration. AR at 298. According to the Appeals Council, this "appeal" should have been returned for a reconsideration determination. See id.

Specifically, as set forth by the Appeals Council:

> The claimant made an appointment on March 21, 2007 to appeal
> that determination, and subsequently filed either an application
> or appeal on April 18, 2007 (see MCS screens); the appeal was

6

input as a Request for hearing instead of a reconsideration, and on January 25, 2008, Administrative Law Judge Leland H. Spencer dismissed the request for hearing because the claimant had no right to a hearing as a reconsideration determination had not been made. The Appeals Council presumes that Administrative Law Judge Spencer found "good cause" for the untimely filing as he did not dismiss the claimant's appeal on that basis. Although the appeal should have been returned for a reconsideration determination to be made, there was no further action taken. [A] written request for appeal may be interpreted as a request for reconsideration, if, in fact, a reconsideration is the next level of appeal that is due, regardless of the form submitted to SSA, unless the claimant insists otherwise.

Id. (emphasis added) (citing POMS GN03103.120).

The Sanchez decision also does not support Defendant's position. In Sanchez, the Ninth Circuit found that a plaintiff-appellant, by correctly re-applying for benefits, would be entitled to DIB and SSI benefits as of the date of a new application if he could prove a physical disability or mental impairment. Id. at 512. The Sanchez decision is therefore directed to the date by which a claimant is entitled to receive DIB and SSI benefits based off of their application date. As discussed below however, this is different from a claimant's disability onset date.[4]

The Court is further unable to reconcile Defendant's arguments with the facts of this case. Even assuming Defendant is correct that Plaintiff's applications were properly consolidated, Defendant provides no explanation for why Plaintiff was only awarded benefits "beginning August 2009." AR at 22. Instead, Defendant argues "[w]hether the ALJ should have technically referenced the original 2006 application is . . . immaterial since the ALJ found disability for the entire period at issue dating back to January 1, 2013" and "SSDI benefits are paid back to the [established onset date]." ECF No. 12-1 at 4.

This argument is contrary to the controlling regulations. Under the SSA's

---

[4] The Sanchez decision further directly contradicts Defendant's argument that the filing date of an application is irrelevant.

18cv1874-MMA-LL

regulations, Plaintiff is not eligible for DIB benefits back to the established onset date. Instead, Title II benefits are retroactive for only twelve months. Accordingly, Plaintiff is only eligible for DIB benefits for any month in which claimant meets all of the eligibility requirements—up to twelve months before the month that her application was filed. See 20 C.F.R. § 404.621(a)(1) ("If you file an application for disability benefits . . . after the first month you could have been entitled to them, you may receive benefits for up to 12 months immediately before the month in which your application is filed"). See also Anderson v. Colvin, 2013 U.S. Dist. LEXIS 60153, at *2 (E.D. Cal. Apr. 26, 2013) ("Title II benefits are retroactive for twelve months."); Howard v. Barnhart, 2006 U.S. Dist. LEXIS 5004, at *9 (S.D.N.Y. Feb. 7, 2006) ("[T]he plain meaning of the Social Security Act provides for retroactive benefits only for one year prior to the claimant's application date."); POMS GN 00204.030 ("We can allow retroactivity up to 12 months for DIB claimants[.]"); SSR 18-01p ("[T]he Act and our regulations explain that if a claimant applies for disability insurance benefits under [T]itle II of the Act after the first month that he or she could have been entitled to them, he or she may receive benefits for up to 12 months immediately before the month in which the application was filed.").[5]

Here, ALJ Iafe's decision identified Plaintiff's disability onset date as January 1, 2003, but "based" this decision on Plaintiff's application filed August 12, 2010. AR at 43. Accordingly, Plaintiff would only be entitled to DIB benefits for any month in which she met all of the eligibility requirements up to twelve months before this August 12, 2010 date.[6] In comparison, if the ALJ's decision had properly referenced Plaintiff's original

---

[5] For these reasons, Plaintiff's arguments that the "[t]he January 1, 2003 onset of disability date is the important date and the others are moot" [ECF No. 17-1 at 4] are also without merit.

[6] This conclusion is also consistent with the June 28, 2016 Notice of Award sent to Plaintiff, which states she is entitled to monthly disability benefits beginning August 2009, despite a finding that she "became disabled" on January 1, 2003. AR at 22-23.

18cv1874-MMA-LL

2006 application, than Plaintiff would be entitled to DIB benefits for any month in which she met all of the eligibility requirements—up to twelve months before this earlier date. This would have resulted in as much as approximately four years worth of additional retroactive benefits.

## II.     Proper Remedy and Defendant's Motion to Remand

In Plaintiff's Amended Motion for Summary Judgment, Plaintiff requests "an order directing the San Marcos field office of SSA to pay back benefits based on the Onset of Disability of January 1, 2003." ECF No. 17-1 at 7.

Defendant has adopted two positions as to the proper remedy in this case. First, in Defendant's February 20, 2019 Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion, Defendant argues the Commissioner's fully favorable decision finding Plaintiff disabled as of her alleged onset date of January 1, 2003 should be upheld as it was "supported by substantial evidence and free of reversible legal error." See ECF No. 12-1 at 6; 13-1 at 6. Second, in its April 29, 2019 Motion to Remand, Defendants argue that the ALJ erred because there "was no clear medical basis for the January 1, 2003 disability onset date that he inferred" and the case should be remanded. ECF No. 18-1 at 2. These positions are fundamentally inconsistent with each other.

"The Social Security Act bars judicial intervention in benefit claims processing." Richards v. Apfel, 1999 U.S. Dist. LEXIS 5982, at *3 (N.D. Cal. Apr. 13, 1999). The sole jurisdictional basis for court review of administrative actions concerning claims for benefits under Title II is set forth in 42 U.S.C. § 405(g). Id. Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administration for further proceedings. Id.

When an ALJ errs, as here, the Court "ordinarily must remand for further proceedings." Leon v. Berryhill, 880 F.3d 1041, 1044-45 (9th Cir. 2017). Nonetheless, the Court also has discretion to simply award benefits. A remand for the payment of benefits has been found appropriate where no useful purpose would be served by further

18cv1874-MMA-LL

administrative proceedings, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court finds the circumstances of this case favors remand for the re-calculation and award of benefits based on Plaintiff's January 24, 2006 application date. Centrally, there remains no residual question for the ALJ to answer. <u>See</u> <u>Allino v. Colvin</u>, 83 F. Supp. 3d 881, 889 (N.D. Cal. 2015) (finding a remand for award appropriate where the ALJ went through all five steps of disability analysis and no residual question was left to answer). It is undisputed that the ALJ already went through all five steps of the disability analysis. AR at 38-43.

There is also no indication the record is incomplete. <u>See</u> <u>Rose v. Berryhill</u>, 256 F. Supp. 3d 1079, 1091 (C.D. Cal. 2017) (finding record complete where it included hundreds of pages of medical records, several medical opinions, and transcripts from two hearings including testimony from Plaintiff, two doctors, and two vocational experts). The record includes hundreds of pages of medical records, medical opinions, and transcripts from two hearings held by two separate ALJs, including vocational expert testimony directly addressing whether an individual with Plaintiff's stated limitations would be able to sustain employment.

Remanding for the calculation and award of benefits is therefore warranted unless the record as a whole creates "serious doubt" as to whether Plaintiff is, in fact, disabled. <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1021 (9th Cir. 2014). Having reviewed the record, the Court finds although there may be some doubt that Plaintiff was disabled as of her alleged onset date, there is not a serious doubt.

Here, the record contains a physical residual functional capacity questionnaire submitted by Plaintiff's primary physician, Dr. McCarberg, on July 26, 2011 opining that Plaintiff's impairments and associated symptoms limited her to only rarely lifting up to ten pounds; sitting, standing, and walking less than two hours in a eight-hour workday; and

concluding that Plaintiff was unable to work full time. AR at 549-50.

Although Dr. McCarberg did not reference the effective date of these limitations, as the ALJ noted, the "frequency and duration of the claimant's extensive treatment supports the degree of limitations opined by Dr. McCar[berg]." Id. at 41 (citing to Plaintiff's medical history at B14F (AR at 552 to 562), B15F (AR at 563 to 819), B17F (AR at 859 to 870), B26F (AR at 1548 to 1758) and B27F (AR at 1759 to 1892)).

As the ALJ also noted, Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her symptoms are "reasonably consistent with the medical evidence and other evidence in the record[.]" Id. at 41. For example, at the August 13, 2012 administrative hearing held by ALJ Parker, Plaintiff testified she had hurt her back and these issues (and others) were aggravated after she had IDET treatment in 2003. Id. at 49-51. Similarly, at the July 23, 2015 administrative hearing held by ALJ Iafe, Plaintiff testified her issues arose at least as far back as 2003. Id. at 73, 85. This is consistent with Plaintiff's diagnosis in 2003 with lumbodorsal strain and degeneration of the L4-5 and L5-S1 discs in 2003, and her complaint of pain issues after an IDET procedure. AR at 553-54, 556-57.

In Defendant's Motion for Remand (which is inconsistent with its Cross-Motion for Summary Judgment), Defendant argues that remand is appropriate so that the Appeals Council can "instruct the ALJ to recontact Dr. McCarberg to clarify the onset of Plaintiff's symptoms caused by fibromyalgia." ECF No 18-1 at 2. Defendant argues remand is also appropriate so that the Appeals Council can "instruct the ALJ to call a medical expert in order to reassess Plaintiff's onset date of disability in light of her fibromyalgia diagnosis." ECF No. 18-1 at 3.

As an initial matter, Defendant's adoption of two separate but inconsistent requests in its Cross-Motion for Summary Judgment and Motion to Remand (without seeking to withdraw either one) makes it impossible for the Court to determine what Defendant is actually requesting.

Even setting aside the troubling inconsistencies with Defendant's positions,

Defendant's argument ignores the fact that when the Appeals Council remanded this matter in 2014, it already instructed the ALJ to:

> As appropriate, request Dr. McCarberg to provide clarification of his opinion at Exhibit B12F, specifically the effective date of the limitations as well as a medical source statement about what the claimant could still do despite the impairments through December 31, 2007 (20 CFR 404.1512 and 1520b). The Administrative Law Judge may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating source.
>
> …
>
> Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p).

AR at 298. Defendant also ignores the fact that: (1) Plaintiff already unsuccessfully attempted to contact Dr. McCarberg to obtain an updated statement; and (2) the ALJ did call a medical expert at this hearing. AR at 68, 73-78.

Remanding this case now to allow the Commissioner to decide the issue of Plaintiff's disability onset date yet again (an issue that was already decided in Plaintiff's favor) would merely "create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004). See also Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than Moisa, had he lost, should have an opportunity for remand and further proceedings."); Brown v. Berryhill, 2018 U.S. Dist. LEXIS 202711, at *22 n.13 (S.D. Cal. Nov. 29, 2018) (ALJ's failure to develop record for Commissioner "is not reason to remand for further proceedings . . . . The Commissioner should not be granted a second bite at the apple for something it could have—and should have—done the first time."). The Court is additionally mindful that despite the Appeals Council's current position, the Council

previously rejected Plaintiff's request to review the ALJ's "fully favorable" decision. AR at 1. The Court need not remand in order to afford the Appeals Council and the ALJ a second bite at the apple.

The Court is also mindful that remanding the case for further administrative proceedings would subject to Plaintiff to an even lengthier delay than what she has already experienced. Courts have acknowledged the "tremendous financial difficulties" that disabled and unemployed claimants have "while awaiting the outcome of their appeals and proceedings on remand." Benecke, 379 F.3d at 595 (quotations omitted). Here, Plaintiff has awaited the resolution of her January 24, 2006 claim for over thirteen years.

For the above reasons, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART,** Defendant's Motion for Summary Judgment be **DENIED**, Defendant's Motion for Remand be **DENIED**. Specifically, the Court **RECOMMENDS** that Plaintiff's request for a Court Order compelling the San Marcos Field Office to pay her benefits back to January 1, 2003 be **DENIED,** and **RECOMMENDS** instead that the case be remanded for the re-calculation and award of benefits for any remaining period based on Plaintiff's original January 24, 2006 application date.[7]

### III.    Plaintiff's Request for Filing Fees

Plaintiff requests that her $400 filing fee be reimbursed. ECF No. 17-1 at 7. Under § 2412(a) of the Equal Access to Justice Act ("EAJA"), a judgment for costs may be awarded to any prevailing party. 28 U.S.C. § 2412(a)(1)(citing 28 U.S.C. § 1920). Costs include filing fees. See 28 U.S.C. § 1920. However, the EAJA requires that before the prevailing party applies for costs, there must be a "final judgment" in the action. 28 U.S.C. § 2412(d)(1)(B). A "final judgment" means "a judgment that is not appealable." 28 U.S.C. § 2412(d)(2)(G). Here, because a final judgment has not yet been entered in this case,

---

[7] Plaintiff does not dispute she has already been paid benefits based off of her August 12, 2010 application date. ECF No. 17-1 at 4.

18cv1874-MMA-LL

Plaintiff's motion for filing fees is premature.

Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for filing fees be **DENIED WITHOUT PREJUDICE.**

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING IN PART** and **DENYING IN PART** Plaintiff's Motion for Summary Judgment; (3) **DENYING** Defendant's Motion for Summary Judgment; (3) **DENYING** Defendant's Motion to Remand; (4) **DENYING WITHOUT PREJUDICE** Plaintiff's request for filing fees; and (5) **REMANDING** the case for the re-calculation and payment of benefits consistent with this Order.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all Parties no later than **June 4, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all Parties no later than **June 25, 2019**. The Parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Yist, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  May 14, 2019

Honorable Linda Lopez
United States Magistrate Judge

14

18cv1874-MMA-LL