# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN THORNE, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No.: 18cv1874-MMA (LL) <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS** <br><br> [Doc. No. 24] |

On August 10, 2018, Plaintiff Julie Ann Thorne, proceeding *pro se*, filed this social security appeal challenging the denial of her request to review the Administrative Law Judge's June 1, 2016 "fully favorable decision." Doc. No. 1. The Court referred all matters arising in this appeal to the assigned magistrate judge for report and recommendation pursuant to section 63(b)(1)(B) of title 28 of the United States Code and Civil Local Rule 72.1. Doc. Nos. 3, 10. On May 14, 2019, the magistrate judge issued a Report recommending that the Court grant in part and deny in part Plaintiff's motion for

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* Accordingly, the Court **ORDERS** the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

1

summary judgment, deny Defendant's cross-motion for summary judgment and motion for remand, and remanding the case for a calculation and award of benefits based on Plaintiff's January 24, 2006 application date. Doc. No. 21 at 2. The Court adopted the Report and Recommendation in its entirety and remanded this matter to the Social Security Administration for a calculation and award of benefits based on Plaintiff's January 24, 2006 application date. Doc. No. 22. Plaintiff now seeks an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Doc. No. 24 ("Mtn."). The Commissioner filed a response in opposition [Doc. No. 26 ("Oppo.")], and Plaintiff replied [Doc. No. 27 ("Reply")]. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 25. For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion.

## LEGAL STANDARD

The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The prevailing party must file an application within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). That application must show that the party is a prevailing party, is eligible to receive an award under this subsection, and the amount sought, which includes an itemized statement stating the actual time spent and the rate that the fees and expenses were computed. *Id.*

## DISCUSSION

Plaintiff, proceeding *pro se*, requests attorney's fees in the amount of $6,000 and $795.77 in expenses and costs. Mtn. at 1-2; Reply at 5. The parties do not dispute that

Plaintiff is the prevailing party and that the motion was timely filed. *See* Mtn.; *see also* Oppo. Rather, the Commissioner opposes Plaintiff's request for an EAJA award on the grounds that she is "not a compensable prevailing party." Oppo. at 3.

### A. **Attorney's Fees**

Plaintiff contends the Court may award attorney's fees to her because she had to hire an attorney to represent her prior to filing the complaint in this Court. *See* Reply at 2. However, attorneys' fees are not awardable under the EAJA for work done by *pro se* litigants because "Congress intended that an attorney have been retained for a prevailing *pro se* litigant to recover attorneys' fees under the EAJA." *Merrell v. Block*, 809 F.2d 639, 641-42 (9th Cir. 1987). Here, Plaintiff did not retain an attorney to assist her with this case for judicial review of her social security appeal.[2] *See* Docket. Accordingly, the Court **DENIES** Plaintiff's request for an award of attorney's fees.

### B. **Expenses and Costs**

Plaintiff also requests an award of expenses and costs amounting to $795.77. Reply at 5. *Pro se* litigants may recover costs and expenses under the EAJA. *See Merrell*, 809 F.2d at 642. A prevailing party is entitled to costs pursuant to subsection (a)(1) of the EAJA and litigation expenses pursuant to subsection (d)(1)(A) of the EAJA. 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . .").

Recoverable costs under EAJA subsection (a)(1) are governed by 28 U.S.C. § 1920, which compensates parties for: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers; (5) docket fees; and (6) compensation of court appointed personnel. 28 U.S.C. § 1920. The EAJA also awards prevailing parties "fees

---

[2] If a *pro se* plaintiff hires an attorney, counsel is advised to substitute in if counsel is actually doing work for the *pro se* plaintiff.

3

and other expenses" incurred in the litigation. 28 U.S.C. § 2412 (d)(1)(A). Other expenses include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case . . . ." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has held that this is not an exclusive list. *See Int'l Woodworkers, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985). For example, the Ninth Circuit has upheld EAJA awards that included compensation for telephone calls, postage, air courier expense, and travel expenses. *Id.*

Here, Plaintiff requests an award for filing costs of $400 and copying costs of $71.73. Mtn. at 3; *see also* Reply at 5. She also requests an award for parking expenses of $30, postage expenses of $29.04, "[s]tamp cost ("Original" and "Copy" in red ink)" expenses of $22.10, and mileage expenses of $242.42. Reply at 5. The Court finds that Plaintiff reasonably incurred the requested costs and expenses. *See Int'l Woodworkers, Local 3-98*, 792 F.2d at 767.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's motion and **AWARDS** Plaintiff $795.77 in costs and litigation expenses.[3]

**IT IS SO ORDERED**.

Dated: August 22, 2019

Hon. Michael M. Anello
United States District Judge

---

[3] Plaintiff also requests for the first time in her reply brief that the Court "instruct SSA to expeditiously resolve the payment issue." Reply at 4. Parties "cannot raise a new issue for the first time in their reply briefs." *Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990). Accordingly, the Court declines to address this request.